SILER, Circuit Judge,
concurring.
I commend the majority in concluding that the search in this case can be upheld on a totality-of-the-circumstances reasonableness approach from the decision in United States v. Knights, 534 U.S. 112, 116-18, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). As the majority correctly concludes, Knights held that reasonable suspicion is sufficient to uphold a search of a probationer who is subject to a search condition. However, Knights left open the issue of “the constitutionality of a suspi-cionless search because the search in th[at] case was supported by reasonable suspicion.” Id. at 120 n. 6, 122 S.Ct. 587. In this case, there was no reasonable suspicion. The officers, as part of a general sweep called “Operation Sonic Boom,” searched all residences of known sex offenders in the county. When they entered Tessier’s residence, one of the officers raised a mattress from the bedroom floor and found the laptop computer containing the pornographic material seized. I cannot find other circumstances which take this beyond a general sweep of the county, unless one infers that such a sweep can be conducted against all prior sex offenders.
Instead, I would uphold the search on the grounds that, pursuant to the standard search condition that applies to all probationers in the state, Tessier agreed to a warrantless search of his property and residence “by any ... law enforcement officer, at any time.” The circumstances in this case are not much different from those found in Samson v. California, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), except that the petitioner there was a parolee rather than a probationer, but he was subject to similar circumstances in that he submitted “to suspicionless searches by a parole officer or other peace officer ‘at any time.’ ” Id. at 852, 126 S.Ct. 2193 (citation omitted). The Court went on to conclude “that petitioner did not have an expectation of privacy that society would recognize as legitimate.” Id.
*436 As mentioned, Tessier signed the search permit as a condition of his probation. Just above his signature, the language provides: “I have read or have had read to me, the conditions of my Probation. I fully understand them and agree to comply with them.” He also signed a specialized conditions form below other language that stated: “I understand that if I do not agree with any condition, I have a right to petition the Sentencing Court for a modification. Any release from these instructions will be provided to me in writing.” Therefore, I would find this consent valid and the search was not unconstitutional. I concur in affirming the district court.